Gregory J. Marshall (#019886)
Terence Whatley (#026670)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
gmarshall@swlaw.com
twhatley@swlaw.com
Attorneys for Defendant Wells Fargo Bank, N.A.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| GARY T. LEAVITT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; BLACK CORPORATIONS I-V,<br><br>Defendants. | Case No. 2:09-cv-214<br><br>**DEFENDANT WELLS FARGO'S MOTION TO DISMISS** |

Wells Fargo Bank, N.A. ("Wells Fargo") moves to dismiss the Plaintiff's Complaint pursuant to Ariz. R. Civ. P. 12(b)(6) because, as a matter of law, the Plaintiff cannot enforce a modification to his mortgage unless "signed" by Wells Fargo pursuant to the statute of frauds, A.R.S. § 44-101. In addition, there are no factual allegations, which if proven true, could establish that Wells Fargo "accepted" the Plaintiff's proposed modified mortgage terms or that they were supported by proper "consideration." Wells Fargo supports this Motion with the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff is among a rapidly increasing line of claimants who have defaulted on their mortgages and then burden the courts with meritless lawsuits to avoid the

consequences. In this case, the Plaintiff claims that he sent "a partial payment in the amount of $500.00" to Wells Fargo containing on the reverse side of the check the following language:

> Upon endorsement of this payment, lender/payee agrees to the following new terms: suspended payment for 18 months, no late fees, no interest, no negative reporting to credit agencies. In the event of breach of new terms, lender agrees to forfeit balance and remove account from any and all credit reporting agencies.

Compl. at ¶ 4. Plaintiff alleges that this language written on the back of his monthly mortgage payment check, "modified the original contract between the parties" and that Wells Fargo breached the "modified contract" by continuing to charge him "late fees, interest and reported the account to the regional credit bureau as late." *Id*. at ¶¶ 5-7.

## II. ARGUMENT

To withstand a defendant's motion to dismiss, the factual allegations in the plaintiff's complaint "must be enough to raise the right to relief about the speculative level," and mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See, e.g., Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) (emphasis added); *see also Dube v. Likins*, 216 Ariz. 406, 167 P.3d 93 (App. 2007). Likewise, a wholly conclusory statement of a claim cannot survive dismissal simply because the pleadings leave open the possibility that the plaintiff might later establish some set of undisclosed facts to support a recovery. *Id.*

### A. The Statute of Frauds Bars the Plaintiff's Claim.

Pursuant to A.R.S. § 44-101, "[n]o action shall be brought in any court" to enforce a contract "for the sale of real property *or an interest therein*" unless the contract is in writing and *signed by the party to be charged. See* A.R.S. § 44-101(6) (emphasis added). The term "interest therein" includes mortgages. *See, e.g., Fremming Const. Co. v. Security Sav. and Loan Ass'n*, 115 Ariz. 514, 516, 566 P.2d 315, 317 (Ariz. App. 1977)

("A contract to give a mortgage is a contract for the sale of an interest in real property within the meaning of the statute … One who promises to make another the owner of a lien or charge upon land promises to make him the owner of an interest in land, and this is equivalent in effect to a promise to sell him such an interest.  The meaning is fixed by an unbroken series of decisions.").

Although the Plaintiff did not attach to his Complaint the reverse side of the check that he alleges modified the terms of his mortgage with Wells Fargo, there are no allegations that Wells Fargo signed this alleged "modification," nor could the Plaintiff make any such allegations pursuant to Fed. R. Civ. P. 11.  For this reason, the Court should dismiss the Plaintiff's Complaint.

**B.     The Allegations Are Deficient to Establish Acceptance.**

To state a cause of action for breach of contract, the Plaintiff must allege facts, which if proven true, could establish the existence of an offer, *acceptance of the offer*, and consideration.  *See, e.g., Savoca Masonry Co. v. Homes & Son Constr. Co.*, 112 Ariz. 392, 542 P.2d 817 (1975); *Yeazell v. Copins*, 98 Ariz. 109, 402 P.2d 541 (1965) (mutual consent required to substitute new contract for old one).  Among these, the "ultimate element of contract formation … [is the parties'] manifest asset or intent to be bound." *See Schade v. Diethrichs*, 158 Ariz. 1, 9, 760 P.2d 1050, 1058 (1988) (Decisions on the "making, meaning, and enforcement of contract should hinge on the manifest intent of the parties.")  A party may not unilaterally modify contract terms.  *See Angus Med. Co. v. Digital Equip. Corp*., 73 Ariz. 159, 164, 840 P.2d 1024, 1029 (App. 1992).

Here, the Plaintiff alleges that Wells Fargo accepted his new mortgage terms by "cashing the check," but this allegation is deficient to establish "acceptance" as a matter of law.  *See* A.R.S. § 47-3206(B) ("An indorsement stating a condition to the right of the indorsee to receive payment does not affect the right of the indorsee to enforce the instrument."); *Id.* at cmt 2 ("if a payee indorses 'Pay A if A ships goods complying with

our contract,' the right of A to enforce the instrument is not affected by the condition. In the case of a note, the obligation of the maker to pay A is not affected by the indorsement.")

Because Wells Fargo had the legal right to enforce the Plaintiff's $500 check notwithstanding his added "restrictive endorsement," Wells Fargo's alleged action of "cashing the check" is deficient as a matter of law in this context to establish Wells Fargo's "manifest asset or intent to be bound" by the Plaintiff's one-sided proposed modified mortgage terms.

### C. There Are No Allegations Establishing Consideration.

The remaining element of contract formation that the Plaintiff fails to allege any factual support for is "consideration." Consideration is "a benefit received, or something given up or exchanged, as agreed upon between the parties." RAJI 4th Contract 7; *see also, e.g., Federal Rubber Co. v. Pruett*, 55 Ariz. 76, 98 P.2d 849 (1949). Because a pre-existing legal duty cannot be consideration as a matter of law, the Plaintiff's "partial payment" of his regular monthly mortgage cannot be consideration as a matter of law. *Travelers Ins. Co. v. Breese*, 138 Ariz. 508, 511, 675 P.2d 1327, 1330 (App. 1983). Because there are no allegations that the Plaintiff "gave up" anything other than what Wells Fargo was already entitled to receive, the Plaintiff's allegations are deficient and his Complaint should be dismissed.

### IV. CONCLUSION

For the foregoing reasons, this Court should dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Wells Fargo further requests an award reimbursing its attorneys' fees and costs incurred defending this claim pursuant to A.R.S. §§ 12-341 and 12-341.01.

. . . .

Dated this 4th day of February, 2009.

SNELL & WILMER L.L.P.

By  *s/ Gregory J. Marshall*
Gregory J. Marshall
Terence Whatley
One Arizona Center
400 East Van Buren Street
Phoenix, AZ  85004-2202
Attorneys for Defendant Wells Fargo Bank, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4th, 2009, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal.

I hereby certify that on February 4th, 2009, I served the attached document by mail on the following, who is not registered participants of the ECF System:

Gary T. Leavitt
812 N. 2nd Avenue
Phoenix, Arizona 85003

s/ *Debbie Shuta*

9449823