**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary T. Leavitt,<br><br>    Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank, N.A.; Black Corporations I-V,<br><br>    Defendants. | No. CV-09-214-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Wells Fargo's Motion to Dismiss (Doc. #3). The Court now rules on the Motion.

**I.  Background**

At the time he filed this case, Plaintiff Gary Leavitt was the record owner of real property located in Scottsdale, Arizona. (Complaint "Compl." ¶3). Plaintiff financed his purchase of the property through a note and deed of trust, which Defendant Wells Fargo serviced. (Compl. ¶3). On July 22, 2008, Plaintiff sent a "partial payment" of $500 to Wells Fargo that contained the following "restrictive endorsement":

> Upon endorsement of this payment, lender/payee agrees to the following new terms: suspended payment for 18 months, no late fees, no interest, no negative reporting to credit agencies. In the event of breach of new terms, lender agrees to forfeit balance and remove account from any and all credit reporting agencies.

(Compl. ¶4).

Wells Fargo cashed the above-mentioned payment.[1] (Compl" ¶5). After cashing the check, Wells Fargo has continued to charge late fees and interest and reported the account to the regional credit bureau as late. (Compl. ¶5). Wells Fargo set a Trustee Sale of the property for January 13, 2009. (Compl. ¶6).

Plaintiff alleges that he validly modified the terms of his mortgage loan through the restrictive endorsement placed on the $500 check. (Compl. ¶)7. He further argues that Wells Fargo accepted those modifications by cashing the check without objecting to his proposed new terms. (Compl. ¶¶8-9). Plaintiff filed this action for breach of contract because he claims that Wells Fargo breached the modified mortgage by assessing late fees and interest, by scheduling the Trustee Sale, and by reporting him to a credit agency.

Wells Fargo filed the pending Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**II. Analysis and Conclusion**

A. <u>Standard of Review</u>

In deciding the Motion to Dismiss for failure to state a claim, the Court must construe the facts alleged in the Complaint in the light most favorable to Plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Further, the Court will accept all well-pleaded allegations as true. *Id*.

The Federal Rules of Civil Procedure embrace a notice-pleading standard. All that is required to survive a Rule 12(b)(6) motion is "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In pleading the grounds of the claim, the plaintiff need not provide "detailed factual allegations," *id.*; but the plaintiff must plead enough facts "to raise

---

[1] Plaintiff acknowledges that the check for $500 was for "far less than the usual monthly payment amount)." (Compl. ¶7).

- 2 -

a right to relief above the speculative level." *Id.* at 1965. While liberal, Rule 8 still requires more than labels and conclusions or a mere formulaic recitation of the elements of the cause of action. *Id*. The Rule requires more than a blanket assertion of entitlement to relief – it contemplates the "'statement of circumstances, occurrences, and events in support of the claim presented . . .'" *Id*. at p. 1965 n.3 (quoting 5 Wright & Miller §1202, at 94-5).

  B. <u>Breach of Contract</u>

    To state a cause of action for breach of contract, Plaintiff must allege facts, which if proven true, could establish the existence of an offer, acceptance of the offer, and consideration. *See, e.g., Savoca Masonry Co. v. Homes & Son Constr. Co.*, 542 P.2d 817, 819 (Ariz. 1975); Revised Arizona Jury Instructions (Civil), 4th ed., Contract Instruction Number 3. Wells Fargo argues that Plaintiff, as a matter of law, cannot establish either acceptance or consideration.

    Wells Fargo first argues that Plaintiff's purported loan modification fails under the Arizona Statute of Frauds. Arizona Revised Statutes §44-101 provides that "[n]o action should be brought in any court" to enforce a contract "for the sale of real property or an interest therein," unless the contract is in writing and signed by the party to be charged. A.R.S. §44-101(6). In Arizona, a mortgage is an interest in real property for purposes of the Statute of Frauds. *Freeming Const. Co. v. Security Sav. And Loan Ass'n*, 566 P.2d 315, 317 (Ariz. Ct. App. 1977). A mortgage loan agreement must therefore be in writing and signed to be enforceable. A modification to the material terms of a mortgage loan must also be in writing and signed by the party to be charged. *See, e.g., Best v. Edwards*, 176 P.3d 695, 698-99 (Ariz. Ct. App. 2008); *Executive Towers v. Leonard*, 439 P.2d 303, 305 (Ariz. Ct. App. 1968).

    Plaintiff attempted to materially change the terms of his mortgage loan with his restrictive endorsement. For that modification to be effective, it needed to be signed by the party charged – Wells Fargo. Although Plaintiff has alleged that Wells Fargo cashed the check with the restrictive endorsement, he has not alleged that Wells Fargo signed the

1  purported modification. The Arizona Statute of Frauds therefore bars his claim for breach
2  of the terms of the purported modified agreement.

3  Plaintiff fails to state a claim for breach of contract for an additional reason. He has
4  not alleged that he gave any consideration for the attempted modification other than money
5  he already owed under the loan. A pre-existing legal duty to perform cannot serve as
6  consideration for an agreement. *Travelers Ins. Co. v. Breese*, 675 P.2d 1327, 1330 (Ariz. Ct.
7  App. 1983). That maxim can be altered, however, by the doctrine of accord and satisfaction.

8  Plaintiff does not use the term accord or satisfaction in his Complaint or in his
9  Response to the Motion, but seems to implicate the principles of that doctrine. Accord and
10 satisfaction is a "method of discharging a contract or cause of action whereby the parties
11 agree to give and accept something in settlement of the claim or demand of one against the
12 other, and perform such agreement, the 'accord' being the agreement, and the 'satisfaction'
13 its execution or performance." *Frank Culver Elec., Inc. v. P.O. Jorgenson*, 664 P.2d 226,
14 227 (Ariz. Ct. App. 1983)(internal quotations omitted). The four elements of accord and
15 satisfaction are: "(1) a proper subject matter; (2) competent parties; (3) an assent or meeting
16 of the minds of the parties; and (4) consideration." *Flagel v. Southwest Clinical Physiatrists,*
17 *P.C.*, 755 P.2d 1184, 1188 (Ariz. Ct. App. 1988).

18 In some circumstances, payment of less than the amount of debt owed can act as
19 consideration for an accord and satisfaction. *See, i.d.* But payment of less than the amount
20 owed cannot serve as consideration for an accord and satisfaction if the amount of money
21 owed is liquidated and undisputed. *Id.* (citing *Phillips v. County of Graham*, 149 P. 755, 757
22 (Ariz. 1915). Plaintiff does not dispute that he owed a mortgage loan payment to Wells
23 Fargo. In fact, Plaintiff admits that he paid less than the liquidated amount owed. (Compl.
24 ¶7, check was for "far less than the usual monthly payment amount."). His partial payment
25 of his pre-existing, liquidated debt therefore did not provide consideration for the attempted
26 modification.

27 Plaintiff's claim for breach of contract fails pursuant to the Arizona Statute of Frauds
28 and for lack of consideration. The Court will therefore grant Wells Fargo's Motion to

1 Dismiss.

2     C.  <u>Leave to Amend</u>

3 Plaintiff filed his Complaint in state court on December 31, 2008. Wells Fargo
4 removed to this Court on February 4, 2009. Wells Fargo did not answer the Complaint in
5 state court, nor has it filed an answer here. Instead, Wells Fargo filed the pending Motion
6 to Dismiss.

7 Rule 15(a) allows a party to amend his pleading once as a matter of right at any time
8 before a responsive pleading is served. Fed.R.Civ.P. 15(a). A motion to dismiss is not a
9 responsive pleading within the meaning of Rule 15(a), and neither the filing nor the granting
10 of a motion to dismiss terminates the right to amend. *Schreiber Distrib. Co. v. Serv-Well*
11 *Furniture Co.*, 806 F.3d 1393, 1401 (9th Cir. 1986). Therefore, if the Court dismisses a
12 complaint for failure to state a claim, the Court should grant leave to amend – unless the
13 Court determines that the allegation of other facts consistent with the challenged pleading
14 could not possibly cure the deficiency. *Id.*[2]

15 Plaintiff could not amend his Complaint to adequately allege consideration without
16 contradicting some of the allegations of his original Complaint. He has already admitted that
17 he owed his mortgage payment and that the check in question was written for less than the
18 amount he owed. As the Court has stated, payment of a pre-existing, undisputed, liquidated
19 debt cannot furnish consideration for a new agreement. Any new allegation could not
20 contradict Plaintiff's earlier admission that he owed his monthly mortgage payment.

21 Although the Court should liberally grant leave to amend, an amended complaint may
22 only allege "other facts consistent with the challenged pleading." *Reddy v. Litton Indus.,*
23 *Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990). Because Plaintiff could not cure the deficiencies
24 in his Complaint and remain consistent, the Court will not grant Plaintiff leave to amend.

25

---

26     [2]The Court must consider whether to grant leave to amend even though Plaintiff did
27 not request leave to amend. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d
1393, 1401 ("It is of no consequence that no request to amend the pleading was made in the
28 district court.")

- 5 -

Accordingly,

IT IS HEREBY ORDERED Granting Defendant Wells Fargo's Motion to Dismiss the case (Doc. #3).

DATED this 1st day of May, 2009.

_____
James A. Teilborg
United States District Judge